UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT H. REEHTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-626 CAS |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions for appointment of counsel and plaintiff's motion for temporary restraining order and injunction. Defendants filed memoranda in opposition to plaintiff's motions. For the following reasons, the Court will deny plaintiff's motions.

**Motion for Temporary Restraining Order and Injunction**

In determining whether to issue a temporary restraining order, the Court must consider the following four factors: (1) The threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. Entergy, Arkansas, Inc. v. State of Nebraska, 210 F.3d 887, 898 (8th Cir. 2000) (citing Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3rd Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve

the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proving these prerequisites is on the party seeking injunctive relief. Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987); United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

A court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (citing Dataphase, 640 F.2d at 113 & n.5). Thus, a party moving for a temporary restraining order must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. See Devose, 42 F.3d at 471 (citing Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)).

The Court finds that Reehten's motion should be denied. Plaintiff has not met his burden of establishing the prerequisites for the issuance of a temporary restraining order. Moreover, plaintiff's motion for injunctive relief concerns allegations which were not raised in his complaint. Plaintiff seeks injunctive relief against Parole Officer Nelson and the superintendent at "SCLRC" for actions occurring in December 2005. Plaintiff wants the Court to issue a temporary restraining order against Nelson to prevent him from "handling, reading, or making conclusions, legal conclusions, from any legal paperwork in possession by person or assigned housing area of plaintiff." Nelson and the superintendent of SCLRC are not defendants in this action. Although the new allegations of the motions might support claims against Nelson and SCLRC's superintendent, they cannot provide the basis for injunctive relief in this lawsuit. See Devose, 42 F.3d at 471 (citing Stewart v. United States I.N.S., 762 F.2d 193, 198-99 (2d Cir. 1985)). Plaintiff's motion for immediate injunction will be denied.

**Motions to Appoint Counsel**

Plaintiff has filed two motions to appoint counsel. The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court. Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (citations omitted). This determination involves the weighing of several factors which include the factual complexity of a matter, the ability of an indigent to investigate the facts, the complexity of the legal issues, the existence of conflicting testimony, and the ability of the indigent to present his claim. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim. Thus, the Court will deny plaintiff's motions for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to appoint counsel are **DENIED without prejudice**. [Docs. 4 and 28]

**IT IS FURTHER ORDERED** that plaintiff's "motion for request of temporary restraining order and injunction" is **DENIED**. [Doc. 29]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this <u>19th</u> day of January, 2006.