# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT H. REEHTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-626 CAS |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Larry Crawford, Dora Schriro, Gary Kempker, James Purkett, Kristen Shropshire, Steven Travis Crews, and Noel Mason's motion to dismiss.[1] Plaintiff filed a memorandum in opposition and defendants filed a reply. For the following reasons, the Court will grant defendants' motion to dismiss.

## I. Background

Plaintiff Robert Reehten brought this action against defendants pursuant to 42 U.S.C. § 1983 alleging that defendants were deliberately indifferent and subjected him to cruel and unusual punishment by prolonged and concentrated exposure to environmental tobacco smoke. Defendants filed a motion to dismiss asserting that plaintiff's complaint violated Federal Rules of Civil Procedure 8 and 10 and that plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

---

[1]Defendants Larry Crawford, Gary Kempker, James Purkett, Kristen Shropshire, Steven Travis Crews, and Noel Mason filed a motion to dismiss on November 23, 2005. The Missouri Attorney General's Office entered its appearance on behalf of defendant Dora Schriro on January 20, 2006, and filed a motion to dismiss, which incorporated the previously filed motion to dismiss. Dora Schriro is named as "Doris Schriro" and Steven Travis Crews is named as "Travis Crews" in plaintiff's complaint. The Court will use their actual names.

## II.  Motion to Dismiss Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.  Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989).  When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff.  Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003).

Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney.  Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994).  Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced.  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  Id. (quoting Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## III.  Exhaustion of Administrative Remedies

The Court will first address the arguments concerning exhaustion of administrative remedies as to defendants Kempker, Schriro, Crawford, and Shropshire.  Under the plain language of 42 U.S.C. § 1997e(a), an inmate must exhaust all available administrative remedies before he files suit; if exhaustion was not completed at the time of filing, dismissal is mandatory.  Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003).  To satisfy the requirements of § 1997e(a), a prisoner must allege that

he exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000) (quoting Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998) (per curiam)). "[A] prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials must have exhausted each claim against each defendant in at least one of the grievances." Abdul-Muhammad v. Kempker, 450 F.3d 350, 352 (8th Cir. 2006).

Defendants assert that plaintiff has not filed any grievances against defendants Kempker, Schriro, Crawford, and Shropshire and these defendants should be dismissed. Plaintiff asserts that he has factually exhausted his administrative remedies regarding his exposure to tobacco smoke and he should not be required to file grievances ad infinitum. Since the filing of plaintiff's complaint the Eighth Circuit has definitively ruled that dismissal of § 1983 complaints is warranted when an inmate fails to identify by name in a grievance each individual defendant sued in federal court. Abdul-Muhammad, 450 F.3d at 352-53. Therefore, the Court will dismiss plaintiff's claims against defendants Kempker, Schriro, Crawford, and Shropshire without prejudice for failure to exhaust administrative remedies.

Because plaintiff's complaint against Kempker, Schriro, Crawford, and Shropshire must be dismissed for failure to exhaust administrative remedies, plaintiff's entire complaint must be dismissed. The plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims prior to a prisoner filing suit. See Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003); Abdul-Muhammad, 450 F.3d at 352 (citing Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam) ) (when an inmate joins multiple prison-condition claims in a single complaint, § 1997e(a) requires that the inmate exhaust all available prison grievance

remedies as to all of his claims prior to filing suit in federal court). "If all available administrative remedies have not been exhausted as to all claims before suit is filed, dismissal of the complaint is mandatory." Abdul-Muhammad, 450 F.3d at 352 (citing Johnson, 340 F.3d at 627).

The Court's review of the record shows that plaintiff alleges claims against individuals at different institutions over a period of more than ten years and plaintiff has not exhausted the claims against all of the defendants concerning the individual institutional claims.[2] Plaintiff did not complete the grievance process regarding his exposure to tobacco smoke for claims at each institution against each named defendant, therefore, this complaint will be dismissed without prejudice.[3]

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss are **GRANTED**. [Docs. 20, 35]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

---

[2]These facilities within the Missouri Department of Corrections include Fulton Reception Diagnostic Correctional Center, Moberly Correctional Center, Algoa Correctional Facility, Church Farm Correctional Center, Farmington Correctional Center, Tipton Correctional Facility, and the Eastern Reception Diagnostic Correctional Center. Plaintiff was also housed in a Texas facility for some time. According to the Court record, plaintiff is not incarcerated at this time.

[3]A court should allow an inmate to amend his complaint if the amendment will cure the deficiencies in the complaint, e.g., dismissal of unexhausted claims. Kozohorsky, 332 F.3d at 1144. Plaintiff has requested leave to file a supplement to his complaint, which the Court construes as a motion for leave to amend. The Court will deny plaintiff's motion because plaintiff has not attached a proposed amended complaint or stated the contents of any supplemental information. It is appropriate to deny leave to amend where the filing of the amended complaint would be futile. Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993); see Hannett v. Langland, 242 F.3d 374 (8th Cir. 2000) (unpublished per curiam) (district court did not abuse its discretion in denying motion for leave to file amended complaint where counsel did not submit the proposed amended complaint, or even indicate what the amended complaint would contain).

**IT IS FURTHER ORDERED** that plaintiff's pro se motion for the Court to provide the Federal Civil Procedure Book and Local Rules is **DENIED**.  [Doc. 33]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of law student is **DENIED**.  [Doc. 37]

**IT IS FURTHER ORDERED** that plaintiff's request for expert witness is **DENIED as moot**.  [Doc. 39]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file supplement to original complaint is **DENIED**.  [Doc. 40]

An appropriate order of dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of July, 2006.